**COLLINS, VELLA & CASELLO, LLC**
2317 Highway 34, Suite 1A
Manasquan, NJ 08736
**Attorneys for Debtor**
(732) 751-1766
**Joseph M. Casello, Esq.**



Order Filed on May 4, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

_____
In re:                    :    Chapter 13 Case No. 17-33664
                          :
Charles Morelli,          :    Judge: Honorable Christine M. Gravelle, U.S.B.J.
                          :
         Debtor           :    Hearing Date: May 3, 2023 at 9:00 a.m.
                          :
_____:

**ORDER AUTHORIZING SALE OF REAL PROPERTY**
**PURSUANT TO 11 U.S.C. §363(b) & (f)**

**DATED: May 4, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor: Charles Morelli
Case No.: 17-33664
Caption of Order: Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

Upon consideration of the Motion of the Debtor for an Order Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f) and adequate notice of the proposed sale having been provided to all creditors and parties and interest and for good cause shown;

It is hereby **FOUND AND DETERMINED** THAT:

A.   This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §157 and §1334 and this matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N).

B.   The statutory predicates for the relief sought in the Sale Motion pursuant to the Bankruptcy Code and the Bankruptcy Rules have been satisfied.

C.   The Debtor and his spouse are the owners of the real property located at 1 Lorelei Drive, Howell, New Jersey ("Subject Property") to be transferred.

D.   On March 27, 2023, Sam Schacter executed a contract with Charles and Kimberly Morelli to purchase the Subject Property for $535,000.00. On April 26, 2023, the parties executed an addendum reducing the sale price to $527,500 based on issues raised during inspections.

E.   The Subject Property was marketed by a broker prior to the signing of the contract and the Debtor maintains the sale is an arms-length transaction.

F.   A reasonable opportunity to object and be heard has been afforded to all creditors and parties in interest.

G.   Good and sufficient cause for the sale of the Subject Property has been articulated by the Debtor and relief sought in the motion is in the best interests of the Debtor and creditors of the estate.

Page 3
Debtor: Charles Morelli
Case No.: 17-33664
Caption of Order: Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

    H.    The purchaser is a good faith purchaser as that term is defined in the bankruptcy code and as such is entitled to all of the protections afforded by section 363(m) of the bankruptcy code.

    I.    The purchaser has offered fair market value and this offer represents the highest and best offer for the Subject Property.  Any claims arising under Section 363(n) of the bankruptcy code are hereby released, waived and discharged.

**IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The finding of facts entered above and the conclusions of law stated herein shall constitute the Court's finding of facts and conclusions of law pursuant to bankruptcy rule 7052 made applicable to this proceeding pursuant to bankruptcy rule 9014.  To the extent that any finding of facts shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion shall be later to be determined to be a finding of fact, it shall be so deemed.

    2.    The sale motion is granted and approved in all respects.  The Debtor is authorized to sell the real property located at 1 Lorelei Drive to Sam Schachter.

    3.    The Debtor is hereby authorized and directed to execute and deliver and empowered to perform under and consummate and implement the sale including execution of any additional instruments and documents that purchaser reasonably deems necessary or appropriate to implement the sale, and to take all further actions as may be deemed reasonable necessary by the purchaser for the purpose of a signing, transferring, granting, conveying and conferring to the purchaser and to reduce to the possession of the purchaser of the Subject Property.

Page 4
Debtor: Charles Morelli
Case No.: 17-33664
Caption of Order: Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

4. The transfer of the Subject Property to the purchaser pursuant to the sale order constitutes a legal, valid and effective transfer of the Subject Property and shall vest the purchaser with all right, title and interest in the Subject Property free and clear of all liens, claims, interest and encumbrances of any kind or nature whatsoever.

5. Any and all persons or entities holding or asserting liens, claims or interest in to or against the acquired Subject Property or unto or against the Subject Property shall be forever barred from asserting such liens, claims or interests against the purchaser, its affiliates, successors and or assigns after the closing. Any liens, claims or encumbrances held by these parties shall become a lien against the sale proceeds which shall be distributed at the time of closing of title as follows:

(a) The Debtor shall be authorized to pay any and all municipal charges and fees against the Subject Property necessary to consummate the closing including redeeming any tax sale certificates or other municipal liens.

(b) The Debtor shall be further authorized to pay the mortgage serviced by SN Servicing. The mortgage shall be paid in full pursuant to payoff statements generated through the date of tender. The proceeds of sale must be used to satisfy the liens in full and until such satisfaction, the real property shall not be free and clear of liens. Following the closing SN Servicing will receive no further payments through the Chapter 13 plan.

(c) Any broker involved in this transaction shall be paid from the proceeds of sale allocable to the non-debtor spouse.

Page 5
Debtor: Charles Morelli
Case No.: 17-33664
Caption of Order: Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

---

    (d)    With the consent of the Standing Chapter 13 Trustee, the Debtor may obtain a payoff letter from the Standing Chapter 13 Trustee prior to closing and shall pay to the Trustee at closing sufficient sums to pay the balance due under the Chapter 13 Plan. If the Trustee consents, then all net proceeds remaining, after payment of the mortgages, the costs of sale including municipal liens and brokers commissions, and payment to the Chapter 13 Standing Trustee shall be paid over to the Debtor.

6. A copy of the closing disclosure shall be provided to the Chapter 13 Trustee within 14 days after the closing.

7. The Court waives the 14 day stay of this order as per Federal Rule of Bankruptcy Procedure 6004(g) so as to allow the closing to occur immediately upon the entry of this order.

8. The Seller shall not be required to pay the realty transfer fee in connection with the closing as the sale is by a Chapter 13 debtor with the rights of a Trustee in bankruptcy pursuant to a final order of a court of record.

9. The consideration offered by the purchaser for the Subject Property is fair and reasonable and may not be avoided under bankruptcy code §363(n). The fourteen day stay otherwise imposed by bankruptcy rule 6004(h) is hereby waived and this Order shall be effective immediately upon entry.

10. This Court retains sole jurisdiction over the sale, this Order and the transaction contemplated thereby. Any disputes arising or relating thereto shall be resolved by this Court.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 17-33664-CMG |
| Charles Morelli | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: May 04, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol   Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 06, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Charles Morelli, 1 Lorelei Drive, Howell, NJ 07731-2845 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2023      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 4, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor MTGLQ Investors LP dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Jason Brett Schwartz | on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Chalet Series IV Trust jschwartz@friedmanvartolo.com bankruptcy@friedmanvartolo.com |
| Jonathan C. Schwalb | on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Chalet Series IV Trust bankruptcy@friedmanvartolo.com jschwalb@ecf.courtdrive.com |
| Joseph Casello | |

| District/off: 0312-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: May 04, 2023 | Form ID: pdf903 | Total Noticed: 1 |

on behalf of Debtor Charles Morelli jcasello@cvclaw.net  jcasello627@gmail.com

Kevin Gordon McDonald

    on behalf of Creditor MTGLQ Investors  LP kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

Rebecca K. McDowell

    on behalf of Creditor Affinity Federal Credit Union rmcdowell@slgcollect.com  anovoa@slgcollect.com

U.S. Trustee

    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 9